# EXHIBIT "A"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARK and LORI FUEHRER,
on behalf of themselves and all
others similarly situated,

                Plaintiffs,

        v.

NESTLÉ PURINA PETCARE
COMPANY,

                Defendant.

Case No. 5:20-cv-03910
Honorable Edward G. Smith

---

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Settlement Agreement") is entered into this _____ day of _____, 2021, between, on the one hand, the Settlement Class (as that term is defined below), and, on the other hand, the Defendant (as that term is defined below). As set forth more fully below, this Settlement Agreement will be binding and effective upon final approval and entry of a Dismissal Order, as set forth in Section III.3. hereof.

## I.    DEFINED TERMS

1. Action. "Action" refers to the action captioned *Mark and Lori Fuehrer, et al. v. Nestlé Purina Petcare Co.*, United States District Court for the Eastern District of Pennsylvania, Civil Action No. 5:20-cv-03910.

2. Facility. "Facility" means the pet food manufacturing facility and all related buildings, structures, equipment, lagoons, tanks, and other facilities, including, but not limited to, the manufacturing and wastewater treatment buildings, structures, equipment, lagoons, tanks, and other facilities, located at 2050 Pope Road, Allentown, Pennsylvania operated by Defendant.

1

3. <u>Class Counsel</u>. Kevin S. Riechelson, Esquire of the law firm Kamensky Cohen & Riechelson, and Steve D. Liddle, Esquire, Laura Sheets, Esquire, and Matthew Z. Robb, Esquire of the law firm Liddle & Dubin P.C., are proposed to be designated by the Court as "Class Counsel."

4. <u>Contemporaneous Physical Reactions</u>. "Contemporaneous Phiysical Reactions" means physical reactions to odor that may occur within a reasonable time after exposure to odor but do not become a diagnosed personal injury or other chronic condition. This may include, but not be limited to, nausea, headaches, discomfort, and eye and/or throat irritation, and specifically excludes any long-term injury, illness, or disease.

5. <u>Court</u>. The "Court" means the United States District Court for the Eastern District of Pennsylvania, Honorable Edward G. Smith presiding.

6. <u>Defendant</u>. "Defendant" means Nestlé Purina Petcare Company.

7. <u>Effective Date</u>. "Effective Date" shall mean the date after both of the following have occurred: (a) the Court gives final approval to the Settlement Agreement by executing an Order that is the same in substance as the form of Final Judgment and Order of Dismissal attached as Exhibit "1"; and (b) the time in which to seek review or appeal of such order has expired without any review or appeal having been taken, or, if such review or appeal is taken, such review or appeal has been finally determined (subject to no right of further review or appeal) by the highest court before which such review or appeal can be sought and allowed, and such review or appeal has been resolved in such manner as to permit the consummation of this Settlement Agreement in accordance with all of its terms and provisions.

8. <u>Household</u>. "Household" shall mean all persons simultaneously living in any particular residential property (e.g., home, single apartment, or similar living unit) located within the Settlement Class Area.

9. <u>Named Plaintiffs</u>. "Named Plaintiffs" means Mark Fuehrer and Lori Fuehrer.

10. <u>Settlement Class</u>. "Settlement Class" means the Named Plaintiffs and all persons who, at any time during the Settlement Class Period, either: (i) owned and occupied a residential

property within the Settlement Class Area; or (ii) resided within a residential property within the Settlement Class Area. Notwithstanding the foregoing, the following persons are excluded from the "Settlement Class": (i) officers, directors, and members of the Boards of Defendant; (ii) the presiding judicial officer (Honorable Edward G. Smith) and his staff; and (iii) Class Counsel, counsel for Defendant, and their respective staffs.

11. <u>Settlement Class Area</u>. "Settlement Class Area" means the area enclosed by a geographic boundary consisting of the one and three quarters of a mile radius from the Facility's property boundary, as shown on the map attached as Exhibit "2."

12. <u>Settlement Class Period</u>. "Settlement Class Period" shall mean the period of time from August 11, 2018 through the Effective Date.

## II.   **RECITALS**

1.   On August 11, 2020, the Named Plaintiffs filed a Class Action Complaint and Demand for Trial by Jury (the "Complaint") against Defendant alleging, *inter alia*, that the Facility has been the source of odors that caused the Named Plaintiffs and others similarly situated to have been embarrassed, annoyed, and inconvenienced in the use and enjoyment of their properties, which diminished the fair market values of their properties and the properties of others similarly situated. The Complaint sought damages and injunctive relief for the Named Plaintiffs and others similarly situated, purporting to assert claims in two separate counts for private nuisance, public nuisance, and negligence.

2.   Defendant denies each and every claim of wrongdoing asserted in the Complaint and denies that it is liable in any way to the Named Plaintiffs or to any members of the Settlement Class.

3.   Counsel for Defendant and Class Counsel voluntarily participated in a full-day mediation with Honorable Diane M. Welsh (ret.), formerly Magistrate Judge of this Court. As a result of this mediation, which involved arm's-length negotiations between counsel experienced in these matters with the assistance of an experienced mediator, counsel agreed to settle the claims asserted in the Complaint on the terms and conditions set forth herein, subject to the Court's review and approval.

2285087_1.docx

4.   Defendant recognizes the expense and time necessary to continue the Action through trial and the appeals that may follow, the burden upon it and interference with its ordinary business operations that could be caused by continued litigation, and the uncertainty inherent in predicting the outcome of the Action. The Named Plaintiffs and Class Counsel likewise recognize the expense and time necessary to continue the Action and the uncertainty inherent in predicting its outcome. Defendant, the Named Plaintiffs and Class Counsel have concluded, therefore, that it is in their best interests and in the best interests of the members of the Settlement Class to resolve the Action on the terms set forth herein to avoid the uncertainty associated with continuing this Action, and to put to rest all of the claims that were, or could have been, brought in the Action.

5.   Class Counsel have investigated the facts and circumstances underlying the issues raised in this Action, and have researched the law applicable to these issues and claims. Class Counsel recognize the difficulty of complex litigation and the uncertainty inherent in predicting the outcome of the Action. Based on these considerations, Class Counsel have concluded that the settlement set forth in this Settlement Agreement, which is the product of arm's-length negotiations between the parties conducted with the assistance of an experienced, neutral mediator, is fair, reasonable, adequate, and in the best interests of the members of the Settlement Class.

6.   This Settlement Agreement reflects a compromise between the parties of disputed claims concerning the interpretation and construction of the facts and law governing the parties' conduct, and shall not constitute, be construed, or be deemed to be an admission of liability or fact or concession of the truth or validity of any claim or defense asserted in the Action on the part of the Settlement Class Members or the Defendant. Neither this settlement nor this Settlement Agreement shall constitute or be an admission by Defendant or shall be deemed to be or be used as evidence of any violation of any statute, regulation, permit condition, policy, or law, or an admission of any fact, wrongdoing or liability by Defendant. This Settlement Agreement shall not be used by any person, agency, or entity not a party to this Settlement Agreement as evidence in any other proceeding or claim, and shall not be admissible in any proceeding other than a proceeding between or among the parties hereto to enforce the terms of this Settlement Agreement.

2285087_1.docx

NOW, THEREFORE, IT IS HEREBY AGREED, subject to the approval of the Court, as follows:

### III.   **TERMS OF AGREEMENT**

1.   Incorporation of Definitions and Recitals. The foregoing Definitions and Recitals are incorporated herein by reference and are made part of this Settlement Agreement.

2.   Preliminary Approval of Settlement. As soon as practicable, but in any event within ten days after signing this Settlement Agreement, Plaintiffs and Defendant shall jointly present a motion to the Court for entry of a Preliminary Approval Order of Class Action Settlement, substantially in the form attached as Exhibit "3," which:

    a.  finds preliminarily that this Settlement Agreement is in good faith, fair, reasonable, adequate, and in the best interests of the Settlement Class;

    b.  for the purposes of this Settlement only:

        i.  conditionally certifies the Settlement Class;

        ii.  conditionally designates the Named Plaintiffs as the representatives of the Settlement Class; and,

        iii.  conditionally designates Class Counsel as counsel for the Settlement Class;

    c.  approves the Proof of Claim process and establishes a deadline for the submission of same;

    d.  approves the opt-out process, including the establishment of a deadline for the submission of same;

    e.  schedules a hearing to determine the fairness of this Settlement Agreement; and

    f.  finds that: (i) the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Costs, and Settlement Fairness Hearing, in substantially the same form as that attached as Exhibit "4"; and (ii) the Summary Notice of

2285087_1.docx

Proposed Class Action Settlement, in substantially the same form as that attached as Exhibit "5"; are the only notices required, and that such notices satisfy the requirements of due process and Federal Rule of Civil Procedure 23(e).

3.  <u>Final Judgment and Dismissal Order</u>. Concurrent with the parties' joint application for Final Approval of this Settlement Agreement, the parties will jointly petition the Court for a Final Judgment and Order of Dismissal, substantially in the form attached as Exhibit "1," that:

a.  finds that the notices to members of the Settlement Class satisfy the requirements of due process and Federal Rule of Civil Procedure 23(a);

b.  finds that the Settlement Agreement is fair, reasonable, and adequate to the Named Plaintiffs and members of the Settlement Class; finds that the Named Plaintiffs and each member of the Settlement Class who does not timely opt out of the Settlement Class in accordance with the procedures set forth herein shall be bound by this Settlement Agreement, including the release and covenant not to sue contained in Sections III.14. and III.15. of this Settlement Agreement; and concludes that this Settlement Agreement should be, and is, approved;

c.  dismisses with prejudice the Complaint; permanently enjoins the Named Plaintiffs and members of the Settlement Class from bringing, joining, or continuing to prosecute any claim for which a release is given under Section III.14. of this Settlement Agreement; orders any party that knowingly and intentionally violates the Court's injunction to pay costs and attorneys' fees incurred by any of the Released Parties (as hereafter defined) as a result of a violation of the Court's injunction; and enters Final Judgment thereon;

d.  retains jurisdiction of all matters relating to the modification, interpretation, administration, implementation, effectuation, and enforcement of this Settlement Agreement; and

e.  awards attorneys' fees, costs, and expenses to Class Counsel and the Incentive Fee Award (as hereafter defined) as provided in Section III.7. of this Settlement Agreement.

2285087_1.docx

4. <u>Notice of Proposed Settlement of Class Action</u>.

    a.  If the Court enters a Preliminary Approval Order in substantially the same form as that attached as Exhibit "3," preliminarily approving this settlement and conditionally certifying the Settlement Class, then Class Counsel agree to provide, no later than fifteen days thereafter, Court-approved notice to the Settlement Class Members as follows:

        i.  individually mailing the following documents to the street address of each residential property located within the Settlement Class Area:

            1.  Notice of Proposed Settlement of Class Action in the form attached as Exhibit "4," or as otherwise approved by the Court; and

            2.  a Proof of Claim in the form attached as Exhibit "6," or as otherwise approved by the Court.

        ii.  publication of a short form notice of the proposed settlement in the form attached as Exhibit "5" or as otherwise approved by the Court in the legal notice section of The Morning Call for one calendar day within twenty-one days of the date on which the individual notice was mailed to members of the Settlement Class.

    b.  The parties stipulate that this notification is the best practicable notice and is reasonably calculated to notify members of the Settlement Class of the proposed settlement. In addition to such other matters as the Court may require, all notices shall:

        i.  inform the Settlement Class Members of the material terms of the proposed settlement;

        ii.  inform the Settlement Class Members of their rights to opt out of the Settlement Class;

2285087_1.docx

iii. inform the Settlement Class Members of their obligations to submit Proofs of Claim by the deadline established by the Court in the Preliminary Approval Order;

iv. inform the Settlement Class Members that a final hearing to determine the fairness, reasonableness, and adequacy of the proposed settlement, and the reasonableness of the proposed fee award to Class Counsel and the Incentive Fee Award to the Named Plaintiffs, will be held at the date set by the Court; and,

v. notify the Settlement Class Members that any objections to the proposed settlement, and/or to the proposed fee award to Class Counsel, and/or the Incentive Fee Award to the Named Plaintiffs, along with the reasons for said objection, must be served, in writing, upon Class Counsel no later than the date established by the Court in the Preliminary Approval Order.

5. <u>Settlement Class Members' Right to Opt Out</u>. Except for the Named Plaintiffs and members of their Households (who shall not be entitled to opt out of this Settlement), any member of the Settlement Class may elect to be excluded from the Settlement Class by opting out of the Settlement Class within sixty days of the mailing of the Notice of Proposed Class Action Settlement, as described in Section III.4. hereof (the "Opt-Out Period"). A member of the Settlement Class shall opt out of the Settlement and be excluded from the Settlement Class by sending to Class Counsel written notice as described herein, which mailing shall be postmarked no later than sixty days from the date of mailing of the Notice of Proposed Class Action Settlement. Any member of the Settlement Class who timely opts out of the Settlement and elects to be excluded from the Settlement Class ("Opt-Out") shall neither be bound by the terms of this Settlement Agreement nor be entitled to any of the benefits set forth in this Settlement Agreement. For purposes of calculating the number of Settlement Class Members who opt out of the Settlement, all persons who resided in the same Household with another Opt-Out shall be counted as a single Opt-Out. As set forth in Section III.13. of this Settlement Agreement, Defendant shall have the exclusive right, exercisable in its sole discretion, to void this Settlement Agreement if more than fifteen members of the Settlement Class from more than fifteen distinct

8

2285087_1.docx

Households submit timely notices to be excluded from the Settlement Class. In order to be effective, an election to be excluded from the Settlement Class must be in writing, state the full name of the member of the Settlement Class, the current residence address, the residence address located in the Settlement Class Area, signature, and the date. In addition, the request for exclusion must contain the following statement: "I WANT TO BE EXCLUDED FROM THE SETTLEMENT IN THE NESTLÉ PURINA PETCARE ODOR CLASS ACTION LITIGATION," or other equivalent language signifying an unambiguous intent to be excluded from the Settlement Class. The request must be signed and mailed to the address provided in the Notice of Proposed Settlement of Class Action, and postmarked within sixty days of the mailing of the Notice of Proposed Settlement of Class Action. Class Counsel shall provide to Defendant copies of all requests to opt out of the Settlement and be excluded from the Settlement Class within seven days of receipt.

6.   Settlement Class Members' Right to Object. Any member of the Settlement Class who has not elected to opt out of the Settlement and be excluded from the Settlement Class may object to the proposed settlement, and/or to the proposed attorneys' fees to be awarded to Class Counsel and/or the Incentive Fee Award to be paid to the Named Plaintiffs, by serving notice of such objection, along with the reasons for said objection, in writing, upon Class Counsel within sixty days of the mailing of the Notice of Proposed Settlement of Class Action. In order to be effective, an objection must be in writing, state the full name of the member of the Settlement Class, the current residence address, the residence address located in the Settlement Class Area, a valid phone number and/or email, signature, and the date. Class Counsel shall provide to Defendant copies of all objections within seven days of receipt.

7.   Class Counsel's Attorneys' Fees, Costs, and Named Plaintiffs' Incentive Fee Award. At the Class Action Fairness Hearing, during which the Court will consider whether to enter the Final Judgment and Order of Dismissal, Class Counsel will request Court approval of the following: (a) reimbursement of all costs and expenses incurred in the prosecution of the Action, including the costs of notice; (b) attorney fees in an amount not to exceed one-third of the Gross Settlement Proceeds (as hereafter defined); and (c) an incentive fee award to the Named Plaintiffs in an amount not to exceed $1,000 (the "Incentive Fee Award"). Defendant agrees that it shall not object to the foregoing. If approved by the Court, such awards shall be paid out of the

9

Gross Settlement Proceeds (as hereafter defined). Class Counsel shall distribute the Incentive Fee Award to the Named Plaintiffs. Class Counsel shall not accept fees or the reimbursement of expenses in excess of the foregoing, and Defendant shall not be responsible for the payment of such fees and expenses, even if approved by the Court.

   8.   Settlement Terms. Within thirty days after the Effective Date, Defendant will pay $800,000 ("Gross Settlement Proceeds") to Liddle & Dubin, P.C., in trust for the Settlement Class. The Gross Settlement Proceeds, after disbursement of the Court-approved attorneys' fees and other litigation expenses, the Incentive Fee Award to the Named Plaintiffs, and all fees and expenses incurred by Class Counsel in the administration and distribution of the Settlement, (the "Net Settlement Proceeds") will be distributed among those Settlement Class Members who timely submit a valid Proof of Claim and have not submitted a timely election to be excluded from the Settlement Class as set forth in section III.5. above, as follows:

   a.  The Net Settlement Proceeds shall be allocated among the members of the Settlement Class who timely submit valid Proofs of Claim in accordance with the procedure set forth in Section III.9. herein. Each Household that consists of members of the Settlement Class shall receive an equal share of the Net Settlement Proceeds except as set forth in subsections (b) and (c) below. By way of example, if there are a total of one-thousand (1,000) residential properties in the Settlement Class Area for which all Settlement Class Members have submitted timely Proofs of Claim, each Household that contains a member of the Settlement Class is entitled to 1/1,000 of the Net Settlement Proceeds.

   b.  If multiple Proofs of Claim are submitted by persons who resided in the same Household located in the Settlement Class Area, then all approved claims for that Household shall collectively receive only one share of the Net Settlement Proceeds, divided equally among the members of the Household who are members of the Settlement Class and submitted valid Proofs of Claim.

   c.  If one or more requests to be excluded from the Settlement Class is submitted for a Household in which one or more Proofs of Claim is submitted, then the share of the Net Settlement Proceeds for such Household shall be further divided by the

10

2285087_1.docx

total number of Opt-Outs and Proofs of Claim submitted for that Household, and each Settlement Class Member who submits a valid Proof of Claim for that Household shall receive an allocable share attributed to that Household. For example, if two occupants of a Household elect to opt out of the settlement and one occupant of that Household submits a Proof of Claim, then the Settlement Class Member who submitted the Proof of Claim will receive one-third of the share attributable to the Household.

9.   Proof of Claim Requirements. In order to receive the financial benefits provided for in this Settlement Agreement, members of the Settlement Class must, within sixty days from the date Notice was mailed, submit timely Proofs of Claim to Class Counsel. The form of the Proof of Claim is attached as Exhibit "6." Each responding member of the Settlement Class must provide all of the information requested on the Proof of Claim form. Further, each Proof of Claim shall, as a condition of receiving the relief offered by this Settlement Agreement, affirm, under penalty of perjury, that to the best of his or her knowledge, information, and belief, that the member of the Settlement Class submitting the Proof of Claim owned and occupied a residential property or resides or resided in a residential property located within the Settlement Class Area during the Settlement Class Period and is, therefore, a member of the Settlement Class. Class Counsel may, but is not obligated to, provide additional time for a claimant to properly document or supplement his or her claim to remedy the deficiency. Each member of the Settlement Class may not submit more than one Proof of Claim form with respect to a single residential property located within the Settlement Class Area. Members of the Settlement Class who resided at more than one residential property within the Settlement Class Area during the Settlement Class Period shall be entitled to submit only one Proof of Claim for all such properties.

10. Notice and Claims Administration. Class Counsel agree to provide, and shall bear the expense of providing, all notices required by this Settlement Agreement, including the cost of printing, copying, and mailing the Notice of Proposed Settlement of Class Action and Proof of Claim form, as well as publication of a short form notice of the proposed settlement as set forth in Section III.4. herein, in addition to any other such notice as the Court may require. Class Counsel shall have the right and option to mail notices at their expense, or to engage a private vendor to conduct such mailing or otherwise deliver said notices. Class Counsel may include

11

2285087_1.docx

these expenses in their request for reimbursement of expenses from the Gross Settlement Proceeds.

11. <u>Notifications to Appropriate State and Federal Officials</u>. In accordance with 28 U.S.C. § 1715, within ten days after the parties jointly file their motion for a Preliminary Approval Order of Class Action Settlement, Defendant will serve the Notice of Proposed Settlement of Class Action and such other documents that exist as set forth in 28 U.S.C. § 1715(b) upon the Attorney General of the United States and the Secretary, Pennsylvania Department of Environmental Protection, which the parties agree satisfies the requirements of 28 U.S.C. § 1715. The parties further agree that it is not feasible to identify the names of members of the Settlement Class who may reside in states other than the Commonwealth of Pennsylvania and that it is not feasible to estimate the proportionate share of the claims of such members to the entire Settlement Class, although it is likely to be a very small percentage of the Settlement Class (likely as small as 1% to 2%).

12. <u>Finality of Dismissal Order</u>. The Final Judgment and Order of Dismissal shall be deemed final on the Effective Date.

13. <u>Disapproval of Settlement Agreement</u>. In the event any court disapproves or sets aside this Settlement Agreement, or any material part hereof, for any reason, or declines to make a finding that this settlement was made in good faith, or holds that it will not enter or give effect to the Final Judgment and Order of Dismissal in substantially the same form as that attached as Exhibit "1," or holds that the entry of the Final Judgment and Order of Dismissal, or any material part thereof, should be overturned or modified in any material way, then:

     a. if any party wishes to appeal such ruling, all parties are required to join in such appeal; or

     b. if the parties do not appeal such ruling, this Settlement Agreement shall become null and void, the Action may continue, and the parties shall move jointly that any and all orders entered pursuant to this Settlement Agreement be vacated; or

     c. if any party appeals such ruling, and if the Dismissal Order or its equivalent in all material respects is not in effect after the termination of all proceedings arising

12

out of such appeal, this Settlement Agreement shall become null and void, the Action may continue, and the parties shall move jointly that any and all orders entered pursuant to this Settlement Agreement be vacated.

14. <u>Termination</u>. Defendant shall have the option, in its sole discretion, to terminate this Settlement Agreement if more than fifteen members of the Settlement Class from fifteen distinct residential properties located within the Settlement Class Area opt out of the Settlement Class in accordance with the procedure set forth in Section III.5. of this Settlement Agreement. Defendant's option to terminate shall be exercised, if at all, within twenty-one days following the end of the Opt-Out Period by giving written notice to the Court and to Class Counsel. In the event that the Defendant exercises this option, then this Settlement Agreement is void in its entirety, and the parties shall have no obligation to undertake any of the terms or provisions of this Settlement Agreement.

15. <u>Releases</u>. Upon final approval of this Settlement Agreement, the Named Plaintiffs and all members of the Settlement Class who have not opted out of the Settlement and excluded themselves from the Settlement Class in accordance with the procedures set forth in Section III.5. herein, for themselves and for each of their respective past, present, and future agents, attorneys, employees, representatives, heirs, executors, administrators, insurers, successors, and assigns (collectively, "Releasors"), are deemed to have released, acquitted, waived, remised, and forever discharged each and all of the following persons and entities: Nestlé Purina Petcare Company and each and all of its respective past, present, and future insurers, parents, subsidiaries, affiliates, departments, divisions, related or affiliated partnerships or corporations, agents, attorneys, employees, consultants, contractors, representatives, officers, directors, Board members, shareholders, predecessors, successors, and assigns, and their heirs, executors, administrators, successors and assigns (collectively, "Released Parties"). Each of the Released Parties is released from any and all manner of the following claims (the "Released Claims"): actions, causes of action, claims, suits, demands, rights, damages, costs, attorneys' fees, expert and consultant fees, interest payments and expenses, accounts, judgments, covenants, contracts, agreements, executions, debts, obligations, rights of contribution and indemnification, and any and all other liabilities of any kind or nature whatsoever, either in law or in equity, whether known or unknown, foreseen or unforeseen, matured or unmatured, direct or indirect, whether

13

under state or federal law, regulations, or common law, that the Releasors, or anyone claiming through or under them, ever had, now have, may have, or may claim to have in the future against the Released Parties, and each of them, for any cause, matter, or event whatsoever from the beginning of time up to the date of final approval of this Settlement Agreement, that arise from claims of odors or other airborne emissions, whether continuous, intermittent, related, unrelated, or otherwise, related in any way to Defendant's ownership and/or operation of the Facility, the Facility's pet food manufacturing processes, the wastewater treatment systems, including, but not limited to, any and all claims that were asserted, could have been asserted, or may have been asserted in the Complaint filed in this Action, including, without limitation, all claims for private nuisance, public nuisance, negligence, property damage, diminution in property value, stigma damages, annoyance and inconvenience, Contemporaneous Physical Reactions, punitive damages, attorneys' fees, and/or interest and expenses. Notwithstanding the foregoing, the Releasors do not release any claims for personal injuries or diagnosed medical conditions (other than Contemporaneous Physical Reactions), the Releasors do not release any claims based on odors or other airborne emissions occurring after the date of the Final Judgment and Order of Dismissal.

16. Covenant Not to Sue. Upon final approval of the Settlement Agreement, the Named Plaintiffs and members of the Settlement Class who have not opted out of the Settlement and excluded themselves from the Settlement Class in accordance with the procedures set forth in Section III.5. herein, on their own behalf and on behalf of each of their respective successors and assigns, covenant and agree not to sue or bring or assert any action, claim, or cause of action, in any jurisdiction, against the Released Parties asserting any claim released by this Settlement Agreement, and further covenant and agree not to proceed in any manner, whether at law, in equity, or by way of administrative hearing, or otherwise, to solicit other members of the Settlement Class to institute any such actions or proceedings against the Released Parties relating to the allegations made in the Action.

17. Counterparts. This Settlement Agreement may be executed in one or more counterparts, each of which shall constitute an original and all of which together shall constitute one and the same document. Photocopies or electronic/scanned versions of executed copies of this Settlement Agreement shall be treated as originals.

14

18. <u>Binding Effect</u>. Each and every term of this Settlement Agreement shall be binding upon, and inure to the benefit of, the Named Plaintiffs, members of the Settlement Class, any of their successors, assigns and personal representatives, and the Defendant, Releasors, and Released Parties. All of these persons and entities are intended to be beneficiaries of this Settlement Agreement.

19. <u>Ambiguities</u>. This Settlement Agreement reflects the joint drafting efforts of the parties. Any ambiguities that may be found in this Settlement Agreement shall not be construed against any party. Prior drafts and negotiations shall not be used to interpret or construe this Settlement Agreement or to resolve any ambiguities that may appear herein.

20. <u>Modification</u>. This Settlement Agreement shall not be amended or modified except by a writing signed by Class Counsel and counsel for the Defendant. Notwithstanding the foregoing, to the extent that such changes conflict or alter the material terms of any Court Order, then such changes shall not take effect until after they have received Court approval.

21. <u>Time Periods</u>. Time is of the essence, and the time periods and/or dates described in this Settlement Agreement with respect to the giving of notices and hearing as provided in this Settlement Agreement are subject to approval and change by the Court.

22. <u>Exclusivity</u>. This Settlement Agreement may not be relied upon for any purpose by, or create any rights in, any person who is not a member of the Settlement Class or the Defendant.

23. <u>Governing Law</u>. This Settlement Agreement shall be governed and construed under the laws of the Commonwealth of Pennsylvania.

24. <u>Notice</u>. Written communications contemplated by this Settlement Agreement or otherwise required by the Court shall be as follows:

For the Settlement Class:

> Kevin S. Richardson, Esquire
> Kamensky Cohen & Riechelson
> 194 South Broad Street
> Trenton, New Jersey 08608
> kriechelson@kcrlawfirm.com

2285087_1.docx

Steven D. Liddle
Liddle & Dubin PC
975 E. Jefferson Avenue
Detroit, Michigan 48207
sliddle@ldclassaction.com

For Defendant Nestlé Purina Petcare Company:

Neil S. Witkes, Esquire
Manko, Gold, Katcher & Fox, LLP
401 City Avenue, Suite 901
Bala Cynwyd, Pennsylvania 19004
Tel: (484) 430-2314
nwitkes@mankogold.com

Nestlé Purina Petcare Company
801 Chouteau Avenue
St. Louis, MO 63102
Attn: Vice President & General Counsel

cc: Sr. Litigation & Compliance Counsel
kbyrne@purina.nestle.com

The persons and addresses designated by this Paragraph for receipt of written communications may be changed by the represented party by written notice to the other signatories hereto and in accordance with this Paragraph.

25. Entire Agreement. This Settlement Agreement constitutes a full and entire agreement between the parties with regard to the subject hereof, and supersedes any prior representations, promises, or warranties, oral or otherwise, made by any party. No party shall be liable or bound to any other party for any prior representation, promise, or warranty, oral or otherwise, except for those expressly set forth in this Settlement Agreement.

26. Headings. The headings herein are for convenience only and shall not affect the interpretation or construction of this Settlement Agreement.

2285087_1.docx

27. <u>Authority</u>. Each person executing this Settlement Agreement in a representative capacity hereby represents and warrants that he or she is fully authorized to do so by virtue of the capacity indicated.

28. <u>Jurisdiction/Disputes</u>. The parties hereby stipulate and agree that the Court shall retain jurisdiction to hear and determine all disputes arising under this Settlement Agreement. Notwithstanding the foregoing, however, the parties further stipulate and agree that they shall first enter into good faith negotiations to resolve any dispute arising under this Settlement Agreement. Only when the parties are unable to resolve a dispute after negotiation shall they submit the dispute to the Court for resolution.

17

2285087_1.docx

IN WITNESS WHEREOF, and intending to be legally bound hereby, this Settlement Agreement has been executed by the undersigned on the date(s) set forth below:

Kamensky Cohen & Riechelson

By:     Kevin S. Richardson, Esquire
        *Class Counsel*

Date: 3-15, 2021

Liddle & Dubin, P.C.

By:     Steven D. Liddle, Esquire
        *Class Counsel*

Date: 3-15, 2021

By:     Mark Fuehrer
        **Individually and on behalf of Settlement Class**

Date: March 4th, 2021

By:     Lori Fuehrer
        **Individually and on behalf of Settlement Class**

Date: March 4th, 2021

Nestlé Purina Petcare Company

By: JOHN A. BEAR
Title Vice President, Manufacturing

Date: March 17, 2021

18

2285087_1.docx

# EXHIBIT 1

6.    The Court finds that Defendant complied with the requirements of 28 U.S.C. §

1715 by serving upon the Attorney General of the United States and the Secretary, Pennsylvania

Department of Environmental Protection within ten days after the filing of the Motion for

Preliminary Approval of the Class Action Settlement the Notice of Proposed Settlement of Class

Action and such other documents that existed as set forth in 28 U.S.C. § 1715.  The Court further

finds that it is not feasible to identify the names of members of the Settlement Class who may

reside in states other than the Commonwealth of Pennsylvania and that it is not feasible to

estimate the proportionate share of the claims of such members to the entire Settlement Class.

The Named Plaintiffs, and each member of the Settlement Class who did not timely opt out of

the Settlement Class in accordance with the terms of the Settlement Agreement and the

procedures established by this Court, shall be bound by the Settlement Agreement, including the

release and covenant not to sue contained in Sections III.14. and III.15. of the Settlement

Agreement.

7.    The following persons, and no other persons, have timely opted out of the

Settlement Class, and are not bound by the Settlement Agreement:  _____.

8.    This action is hereby DISMISSED WITH PREJUDICE and without costs.

9.    Consummation of the Settlement shall proceed as described in the Settlement

Agreement; and without affecting the finality of this Judgment in any way, this Court hereby

retains jurisdiction over this matter to resolve any dispute that may arise in the implementation of

this Final Judgment and Order of Dismissal.  Class Counsel shall be responsible for submitting a

proposed Distribution Order to distribute the proceeds of the settlement to all persons who have

filed valid Proofs of Claim.  The Court shall determine any objections to Proofs of Claim

3

submitted.  This Court retains continuing jurisdiction of all matters relating to the modification, interpretation, implementation, effectuation, and enforcement of the Settlement Agreement.

10.    Mark and Lori Fuehrer are together awarded the sum of $1,000 as an incentive fee to be paid out of the Gross Settlement Proceeds, as that term is defined in the Settlement Agreement.

11.    Class Counsel are awarded $___ _____ for professional services rendered and $_____ for expenses incurred throughout the Class Counsel's representation of the Named Plaintiffs and the Settlement Class Members, to be paid out of the Gross Settlement Proceeds.

12.    In the event that the settlement does not become final in accordance with the terms of the Settlement Agreement, the Court will vacate this Final Judgment and Order of Dismissal, and all Orders entered in connection with this settlement shall be rendered null and void and without prejudice in any way to the parties.


BY THE COURT:


_____

Edward G. Smith, J.


4

# EXHIBIT 2



FACILITY BOUNDARY

CLASS BOUNDARY
(1.75 MILE RADIUS)

CLASS BOUNDARY

PREPARED BY:
IMAGERY SOURCE:
IMAGERY DATE:

MGKF JANUARY 2021
GOOGLE EARTH
JULY 2018

APPROXIMATE SCALE
1 MILE

NORTH

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARK and LORI FUEHRER,            :
on behalf of themselves and all   :
others similarly situated,        :
                                  :
              Plaintiffs,         :     Case No. 5:20-cv-03910
                                  :     Honorable Edward G. Smith
       v.                         :
                                  :
NESTLÉ PURINA PETCARE             :
COMPANY,                          :
                                  :
                                  :
              Defendant.          :

## ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

AND NOW, on this _____ day of _____, 2021, upon consideration of the

parties' Joint Motion for Approval of the Class Action Settlement, it is ORDERED that the

Motion is GRANTED as follows:

1.    The Court finds that the Settlement Agreement dated _____, 2021 and attached

to the Motion appears, upon preliminary review, to be a settlement in good faith, fair, adequate,

reasonable, and in the best interests of the Settlement Class, and is preliminarily approved by the

Court.

2.    For the purposes of the Motion, the Court:

    a.    Conditionally certifies the Settlement Class as the Named Plaintiffs and all

        persons who, at any time during the Settlement Class Period, either: (i) owned and

        occupied a residential property within the area enclosed by the geographic

        boundary consisting of the one and three-quarters of a mile radius from the

        property boundary of Defendant's facilities located at 2050 Pope Road,

Allentown, Pennsylvania (the "Settlement Class Area"); or (ii) resided within a

residential property located within the Settlement Class Area.  Notwithstanding

the foregoing, the following persons are excluded from the "Settlement Class": (i)

officers, directors, and members of the Boards of Defendant; (ii) the presiding

judicial officer (Honorable Edward G. Smith) and his staff; and (iii) Class

Counsel, counsel for Defendant, and their respective staffs.

b.   Conditionally designates Mark and Lori Fuehrer as the Class Representatives of

the Settlement Class; and

c.   Conditionally designates Kevin S. Richardson, Esquire, Steven D. Liddle,

Esquire, Laura L. Sheets, Esquire, and Matthew Z. Robb, Esquire as Class

Counsel for the Settlement Class.

d.   Establishes _____, 2021 as the deadline for submitting Opt-Out

Forms to Class Counsel;

e.   Establishes _____, 2021 as the deadline for Settlement Class

Members to submit Proofs of Claim;

3.   A fairness hearing shall be held on _____, 2021 at :00 .m.

before the Honorable Edward G. Smith by telephone conference call by dialing 571-353-2300

and entering pin 363973916# to consider whether the Court should give final approval to the

proposed settlement, including a determination of the Class Representatives' award and award of

attorneys' fees and costs to Class Counsel;

4.   Objections to the settlement by Class Members will be considered by the Court

only if such objections are submitted in writing to Class Counsel and are postmarked on or

before _____, 2021.  In any such written objection, Class Members shall state with

2

2285119_1.docx

specificity the basis for their objections and the evidence, if any, they want to submit in support of their objections.  Class Counsel shall serve the Defendant and file with the Court copies of all such objections on or before _____, 2021, together with a statement of reasons, if any, why the objections should be overruled;

     5.    At the fairness hearing, class members may, at the discretion of the Court, be heard orally in opposition to the settlement, provided that such persons serve on Class Counsel, on or before _____, 2021, written notification of their desire to appear personally and that such persons have submitted to Class Counsel written objections in accordance with Paragraph 4 above.  Upon receipt thereof, Class Counsel shall serve the Defendant with copies of all such requests to be heard;

     6.    Class Counsel and Defendant's counsel should be prepared at the hearing to respond to any written objections filed by the Class Members and to provide other information, as appropriate, bearing on whether the settlement should be approved; and,

     7.    The Court APPROVES the following:

     a.  the Notice of Proposed Settlement of Class Action, in the form attached to the Settlement Agreement as Exhibit "4";

     b.  the Summary Notice of Proposed Class Action Settlement, in the form attached to the Settlement Agreement as Exhibit "5"; and

     c.  the Proof of Claim, in the form attached to the Settlement Agreement as Exhibit "6."

These are the only notices required to be given to the Class Members, and these notices satisfy the requirements of due process and of Federal Rules of Civil Procedure 23(e).  Class Counsel

3

are directed to give notice of the hearing and proposed settlement to the Class Members in accordance with the terms of the Settlement Agreement.

BY THE COURT:

_____

Edward G. Smith, J.

4

# EXHIBIT 4

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

**If you resided in a residential property located within the Class Area, as defined below, you may be a Class Member.**
**Please read this Notice carefully, as it affects your legal rights.**
*The Court authorized this Notice.*
*This is not a solicitation from a lawyer.*

- A proposed settlement (the "Proposed Settlement") has been reached in the lawsuit *Mark and Lori Fuehrer, et al. v. Nestlé Purina Petcare Co.*, No. 5:20-cv-03910, a lawsuit filed against Nestlé Purina Petcare Company ("Defendant") to resolve claims brought on behalf of a proposed class of persons seeking damages as a result of claimed odors emanating from Defendant's facilities located at 2050 Pope Road, Allentown, Pennsylvania, (the "Facility"). The Proposed Settlement has been memorialized in a written agreement (the "Settlement Agreement").

- If approved by the Court, the Settlement Agreement requires the Defendant to pay a total of $800,000 into a fund (the "Settlement Fund") for the benefit and advantage of members of a class of persons as defined by the Settlement Agreement (the "Class").

- The parties have agreed to settle the lawsuit, and this Notice explains the Proposed Settlement, your rights, the available benefits, and how to get them. If you are a member of the Class, you have various options that you may exercise before the Court decides whether to approve the Proposed Settlement.

- The Court in charge of this case still has to decide whether to approve the Proposed Settlement.

- Your legal rights are affected whether you act or do not act. Please read this Notice carefully. You may view the full Settlement Agreement and other case documents at www.ldclassaction.com.

| Your Legal Rights and Options in this Proposed Settlement | |
|---|---|
| **EXCLUDE YOURSELF** | If you exclude yourself, you will **not** be a member of the Class. This means that you will not be eligible for the benefits or relief in the Proposed Settlement. It also means that Class Counsel will not be representing you and there are statutes of limitations that may impact your individual claims. To exclude yourself from the Class, you must write to Class Counsel as outlined herein no later than _____. |
| **OBJECT** | Write to the Class Counsel about why you do not like the Proposed Settlement. You must follow the procedures outlined below and submit your written objections no later than _____. If you exclude yourself from the Class, you may not object to the Proposed Settlement. |
| **MAKE A CLAIM FOR COMPENSATION** | Complete the attached Proof of Claim form and submit it with the required information to Class Counsel by _____. You will be bound by the terms of the Settlement Agreement and agree to have released the Defendant from any and all claims as defined in the Settlement Agreement. **All households in the Class who submit valid Proof of Claim forms will receive an equal share of the Settlement Fund after the deduction of expenses, costs, attorneys' fees and incentive awards, as approved by the Court.** |
| **DO NOTHING** | You will be bound by the terms of the Settlement Agreement and will have released the Defendant from any and all claims as defined in the Settlement Agreement, but you will not receive any portion of the Settlement Fund. |

1. **WHAT IS THIS NOTICE ABOUT?**  This Notice is to inform you of the Proposed Settlement of a class action lawsuit filed against the Defendant in the United States District Court for the Eastern District of Pennsylvania. This Notice is given by Order of the Honorable Edward G. Smith, United States District Court for the Eastern District of Pennsylvania. It summarizes your rights as set forth in the Settlement Agreement.

   The Court directed that this Notice be sent to you at the mailing address of a property located within the Class Area  If you resided in a residential property located within the Class Area at any point in time since August 11, 2018, then you are a member of the Class. If you are a member of the Class, the Proposed Settlement will affect your rights. You have choices to make before the Court decides whether or not to approve the Proposed Settlement.

2. **WHAT IS THE LAWSUIT ABOUT?**  The lawsuit (*Mark and Lori Fuehrer, et al. v. Nestlé Purina Petcare Co.*, No. 5:20-cv-03910) was filed on August 11, 2020, and claims that odors from the Facility interfered with the ability of members of the Class to use and enjoy their homes and decreased the market value of their properties. Defendant denied and continues to deny the allegations and all claims of wrongdoing or liability arising out of the allegations and claims asserted in the lawsuit.

3. **WHY IS THE CLASS ACTION BEING SETTLED?**  The Court did not decide in favor of the Class or the Defendant. Instead, both sides agreed to settle the claims asserted to avoid the cost and risk of trial. The Proposed Settlement does not mean that any law was broken or that the Defendant did anything wrong. The Defendant denies all legal claims in this case. The Class representatives and their attorneys believe that the Proposed Settlement is in the best interest of all members of the Class.

4. **HOW DO I KNOW IF I'M PART OF THE PROPOSED SETTLEMENT?**  The Court has decided that the Class will include all persons who resided within 1.75-miles of the Facility at any point in time since August 11, 2018.

   If you are not sure whether you are a member of the Class, or have any other questions about the Proposed Settlement, you may call Class Counsel at (800) 536-0045. You can also send your question to Class Counsel by e-mail (info@ldclassaction.com) or by mail to: Liddle & Dubin, P.C. 975 E. Jefferson Ave., Detroit, MI 48207.

5. **WHAT ARE THE BENEFITS OF THE PROPOSED SETTLEMENT?**  If the Settlement Agreement is approved by the Court, Defendant will pay the total amount of $800,000 into the Settlement Fund for the benefit and advantage of all members of the Class. After the deduction of the costs and expenses incurred in the case on behalf of the Class, attorneys' fees awarded to and expenses incurred by counsel for the Class, and incentive awards paid to the two individual members of the Class who brought the lawsuit, the Settlement Fund will be evenly distributed among all households within the Class for which at least one member of the Class timely submits an approved Claim Form.

6. **WHO ARE THE LAWYERS FOR THE CLASS AND HOW WILL THEY BE PAID?**  The Court has appointed the following attorneys to represent the Class and its members: Steven D. Liddle, Laura Sheets, and Matthew Z. Robb of Liddle & Dubin, P.C., 975 E. Jefferson Ave., Detroit, MI 48207 and Kevin S. Riechelson of Kamensky Cohen & Riechelson, 194 South Broad Street, Trenton, New Jersey 08608 ("Class Counsel"). You may contact Class Counsel at (800) 536-0045 or info@ldclassaction.com.

   Class Counsel has prosecuted this case on a contingency basis. At the settlement hearing, Class Counsel will be seeking the approval of the Settlement Agreement and requesting that the Court award attorneys' fees, costs and expenses from the Settlement Fund.  You will not be responsible for any of these amounts as they will all be paid from the Settlement Fund.

7. **WHAT AM I GIVING UP TO STAY IN THE CLASS?**  If the Proposed Settlement becomes final, members of the Class will be releasing the Defendant and all related people and entities from all of the claims defined in the Settlement Agreement. This means that you will no longer be able to sue the Defendant regarding any claims described in the Settlement Agreement. It also means that all of the Court's orders will apply to you and legally bind you.

2

As set forth more fully in the Settlement Agreement, each member of the Class releases all claims based on alleged odors from the Facility, with the exception of claims for any personal injuries or diagnosed chronic medical condition and any claims based on emissions that occur after the end of this case, as set forth in Section III.14 of the Settlement Agreement.  Each member of the Class also agrees not to sue Defendant, or to solicit other Class Members to sue Defendant, for claims that are released, as set forth in Section III.15. of the Settlement Agreement.

8. **HOW DO I PARTICIPATE IN THE SETTLEMENT AND MAKE A CLAIM FOR COMPENSATION?** If you are a member of the Class and wish to obtain the benefits of the Proposed Settlement, you must complete the accompanying Proof of Claim form, sign it, and mail the completed form along with all required supporting documentation to Class Counsel postmarked no later than _____.

9. **HOW DO I OPT OUT FROM THIS PROPOSED SETTLEMENT?**

If you are a member of the Class and if the Settlement Agreement is approved by the Court, then you will be bound by the terms of the Settlement Agreement unless you file a timely request to be excluded from the settlement.

To exclude yourself from the proposed settlement, you must mail a written request for exclusion to Class Counsel at:

| Class Counsel |
|---|
| Liddle & Dubin, P.C. |
| Attn: NPPC Opt-Outs |
| 975 E. Jefferson Ave. |
| Detroit, MI 48207 |

This request for exclusion must be postmarked no later than _____.

The request to be excluded must be in writing and signed by the Class Member, and must state the full name of the Settlement Class Member, the current residence address, the residence address located in the Class Area, a valid phone number and/or email, signature, and the date. In addition, the request for exclusion must contain the following statement: "I WANT TO BE EXCLUDED FROM THE SETTLEMENT IN THE NESTLÉ PURINA PETCARE ODOR CLASS ACTION LITIGATION."

10. **HOW DO I TELL THE COURT THAT I LIKE OR DISLIKE THE PROPOSED SETTLEMENT?** If you are a member of the Class and you do not Opt-Out, you can tell the Court that you like the Proposed Settlement and that it should be approved, or that you object to the Proposed Settlement or Class Counsel's requests for fees and expenses, if you do not like a part of it. The Court will consider all comments from members of the Class. Members of the Class desiring to object must mail a notice of objection to Class Counsel no later than _____ at the following address:

| Class Counsel |
|---|
| Liddle & Dubin, P.C. |
| Attn: NPCC Objections |
| 975 E. Jefferson Ave. |
| Detroit, MI 48207 |

In order to be effective, an objection must be in writing, state the full name of the Class Member, the current residence address, the residence address located in the Class Area, a valid phone number and/or email, signature, and the date. If you object, you must identify with reasonable particularity the basis for the objection and attach all documentation that you would like to bring to the Court's attention to support the objection. If an objection is submitted by someone purporting to represent a member of the Class, the objection must have attached sufficient documentation to support

3

the person's legal authority to represent the member of the Class, or the objection will be deemed invalid and ineffective.

Objections that do not meet the requirements set forth above will be deemed invalid and ineffective.  Defendant and Class Counsel reserve the right to challenge the validity and grounds of any objection.

If you do not submit a written objection to the Proposed Settlement or the application of Class Counsel for attorneys' fees and expenses in accordance with the deadline and procedure set forth above, you will waive your right to be heard at the settlement hearing. If you opt out of the settlement, you cannot object to it.

11. **WHEN AND WHERE WILL THE COURT DECIDE TO APPROVE THE PROPOSED SETTLEMENT?** The Court will hold a settlement hearing on _____ at _____ before the Honorable Edward G. Smith by telephone conference call by dialing 571-353-2300 and entering pin 363973916#.

At this hearing, the Court will consider whether the Proposed Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court may listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Class Counsel. At or after the hearing, the Court will decide whether to approve the Proposed Settlement. We do not know how long it will take for the Court to make its decision.

You do not have to attend the hearing. Class Counsel will answer questions the Court may have. But, you are welcome to come at your own expense, provided that you have not excluded yourself from the Proposed Settlement. If you send an objection, you do not have to come to Court to talk about it. As long as you sent your written objection, provided that it is received on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

12. **WHAT HAPPENS IF I DO NOTHING AT ALL?** If you do nothing at all, and you are a member of the Class, you will be bound by the Proposed Settlement, if the Court approves it, but you will not receive any of the settlement proceeds.

13. **HOW CAN I LEARN MORE DETAILS ABOUT THE PROPOSED SETTLEMENT AND MY RIGHTS UNDER THE PROPOSED SETTLEMENT?** This Notice is a summary and does not describe all details of the Proposed Settlement. The precise terms are contained in the Settlement Agreement. For a complete, definitive statement of the terms of the Proposed Settlement, refer to the Settlement Agreement at www.ldclassaction.com. You may also contact Class Counsel at (800) 536-0045 or info@ldclassaction.com for more details of the lawsuit and the Proposed Settlement.

**PLEASE DO NOT CONTACT THE COURT OR DEFENDANT WITH QUESTIONS ABOUT THIS NOTICE.**

2285123_1.docx

# EXHIBIT 5

## SUMMARY NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**If you lived in a residential property that was located within the area enclosed by a geographic boundary within 1.75 radius of defendant's property located at 2050 Pope Road, Allentown, Pennsylvania (the "Class Area"), this Notice may affect your rights.**

A settlement has been proposed, and preliminarily approved, in *Mark and Lori Fuehrer, et al. v. Nestlé Purina Petcare Co.,* No. 5:20-cv-03910, a class action lawsuit filed in the United States District Court for the Eastern District of Pennsylvania. The parties have agreed to the certification of a class (the "Settlement Class") of all persons who resided within the Class Area at any point in time since August 11, 2018, with the exception of officers, directors, members of the Boards of Defendant, the Court and its staff, and counsel for the parties and their respective staffs. Subject to conditions more fully described in the Settlement Agreement, the proposed settlement, which is subject to final approval by the Court, consists of the payment by Defendant of a total amount of $800,000 into a settlement fund, from which each member of the Settlement Class who timely submits a valid Proof of Claim will be entitled to a share. If you are a Class Member, you may file a claim for a share of this fund, exclude yourself from the proposed settlement, or object to the proposed settlement by submitting appropriate documents postmarked by _____. If you do nothing, you will be bound by the terms of the proposed settlement, if approved by the Court; but you will not be entitled to receive any of the settlement proceeds unless you submit a valid and timely Proof of Claim.

The Court has preliminarily approved the proposed settlement, but it will not become final unless the Court decides to approve it after a Fairness Hearing to determine whether the proposed settlement should be approved as fair, reasonable, and adequate; whether the proposed Settlement Class should be certified; the amount of attorneys' fees, costs and expenses that should be awarded to counsel; the amount of any incentive award to be paid to the Named Plaintiffs; and any other matters that may be properly brought before the Court at that time. The Fairness Hearing is scheduled for _____ at _____ before the Honorable Edward G. Smith by telephone conference call by dialing 571-353-2300 and entering pin 363973916#.

**How to Get More Information:** For complete information on the proposed settlement, or if you wish to discuss this lawsuit or have any questions concerning your rights or interests with respect to these matters, contact Class Counsel: Steven D. Liddle, Esq., Liddle & Dubin, P.C., 975 E. Jefferson Ave, Detroit, MI 48207, (800) 536-0045, info@ldclassaction.com. You may view the full Settlement Agreement and other case documents at www.ldclassaction.com/CentralLandfill.

DO NOT CONTACT THE COURT OR DEFENDANT.

2285136_1.docx

# EXHIBIT 6

# PURINA ALLENTOWN, PA  LAWSUIT PROOF OF CLAIM FORM

### PURINA ALLENTOWN, PA  CLASS ACTION SETTLEMENT

### GENERAL INSTRUCTIONS

1. **THIS PROOF OF CLAIM FORM MUST BE POSTMARKED BY** ▓▓▓▓▓▓ **AND MUST BE FULLY COMPLETED, BE SIGNED UNDER OATH AND MEET ALL REQUIREMENTS OF THE SETTLEMENT AGREEMENT.**

2. You must complete and return this Proof of Claim form along with the requested documentation to: Attn:  Purina Allentown, PA Claim Forms, Liddle & Dubin, P.C., 975 E. Jefferson Ave., Detroit, MI 48207.

3. It is important that you completely read the Notice of Proposed Settlement of Class Action (the "Notice") that accompanies this Proof of Claim form. The Notice contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Proof of Claim form. By signing and submitting this Proof of Claim form, you will be certifying that you have read the Notice, including the terms of the releases described therein and provided for herein.  To the extent that the Notice is inconsistent with the Settlement Agreement, the terms of the Settlement Agreement control.

4. This Proof of Claim form is directed to all members of the Settlement Class as defined in the attached Notice.

5. In order to claim compensation from the settlement, a member of the Settlement Class must submit this Proof of Claim form to Class Counsel.

6. IF YOU ARE NOT A MEMBER OF THE SETTLEMENT CLASS OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, FILED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A PROOF OF CLAIM FORM. YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A MEMBER OF THE SETTLEMENT CLASS. THUS, IF YOU FILE A VALID REQUEST FOR EXCLUSION IN A TIMELY MANNER, ANY PROOF OF CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED, UNLESS YOU SIMULTANEOUSLY WITHDRAW YOUR REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS.

7. You may only participate in the distribution of the proceeds of the settlement if you are a member of the Settlement Class and if you complete and return this form as specified below. If you fail to file a timely, properly addressed, and completed Proof of Claim form, your claim may be rejected and you may be precluded from receiving any proceeds of the settlement.  If multiple Proof of Claim forms are submitted by members of the same household, all members of the same household who submit a Proof of Claim form shall share in the proceeds allocable under the Settlement Agreement to that household. Therefore, the submission of multiple Proof of Claim forms by members of the same household will not increase the share of the settlement proceeds allocated to that household.

8. Submission of this Proof of Claim form does not guarantee that you will share in the proceeds of the settlement. The distribution of the funds is governed by the procedures set forth in the Settlement Agreement, if approved by the Court or such other plan of allocation as the Court approves.

9. You are required to submit genuine and sufficient documentation in response to the requests contained in this Proof of Claim form. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT DOCUMENTS. THE LACK OF DOCUMENTATION MAY

2300461_1.docx

RESULT IN REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. Please keep a copy of all documents that you send to Class Counsel.   Any documents you submit with your Proof of Claim form will not be returned.

10. Type or print legibly in ink.

### Claimant's Identity

| | |
|---|---|
| Your Full Name (please print) | Your Spouse's Full Name (please print) |
| Current Mailing address | Email Address |
| City, State Zip | (        ) <br> Daytime telephone number |

### Eligibility

Check all of the following that apply:

1. I now reside or previously resided at a property within the Settlement Class Area.  ☐ **Yes**    ☐ **No**

### Claimed Address

1. Is your claimed address the same address as the above current address?  ☐ **Yes**    ☐ **No**

2. If no, please provide the address of the property for which you are claiming:

### Proof of Identification

You must attach to your Claim Form a copy of a government-issued photo identification to establish your identity and current address.  Please mark the box that identifies the requested enclosed item:

☐ Driver's License

☐ State Identification Card

☐ Other government-issued photo identification sufficient to prove your identity

2300461_1.docx

**Claimant's Certification**

By submitting this Proof of Claim form, I submit to the jurisdiction of the U.S. District Court for the Eastern District of Pennsylvania, in connection with the settlement of the above-captioned action. Further, by submitting this Proof of Claim form, I agree to be bound by the Orders of the Court and to furnish such additional information or proof with respect to the Proof of Claim form as may be required. I understand that Settlement Class Members may not submit more than one Proof of Claim form, even if they lived in multiple homes in the Settlement Class Area.

By signing this Proof of Claim form, I declare, under penalty of perjury, that I have read the Instructions and the Proof of Claim form and know the contents thereof, and that the information set forth in the Proof of Claim form and in any documents provided in support are true and complete to the best of my knowledge, information, or belief.

_____ Date: _____

Your signature

_____ Date: _____

Your Spouse's signature

Your fully completed Proof of Claim form must be postmarked no later than _____
to Class Counsel at the following address:

**Liddle & Dubin, P.C.**
**Attn: Purina Allentown, PA Claim Forms**
**975 E. Jefferson Ave.**
**Detroit MI 48207-3101**

2300461_1.docx