EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK and LORI FUEHRER, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NESTLÉ PURINA PETCARE CO., <br><br> Defendant. | Case No. 5:20-cv-03910 <br> The Honorable Edward G. Smith |

## DECLARATION OF STEVEN D. LIDDLE IN SUPPORT OF PLAINTIFFS' MARK AND LORI FUEHRER'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

I, Steven D. Liddle, do hereby declare as follows:

1. I am an attorney licensed to practice in the State of Michigan with a State Bar of Michigan Identification No. 45110 and am also admitted to the bar of this Court.

2. I have personal knowledge of the facts stated below and, if called as a witness at the time of any proceeding, could and would testify thereto. I make this declaration in support of Plaintiffs' Mark and Lori Fuehrer's Motion for Preliminary Approval of Class Action Settlement. I have been a member in good standing of the State Bar of Michigan since 1991. I have never been suspended, disbarred, or disciplined.

3. I am a partner at the law firm of Liddle & Dubin, P.C. I and my firm devote nearly all of our practice to prosecuting class actions, the majority of which relate to environmental class actions. I have represented certified classes in numerous cases involving nuisance odors.

4. I have served as an adjunct professor at Detroit College of Law where I taught a class on Complex litigation which involves the study of class actions.

5. I, or my office, have been appointed as class counsel in numerous cases by courts in various jurisdictions. Cases involving allegations of air pollution or noxious odors in which I have been appointed by courts to represent certified plaintiff classes include, without limitation: *Clark-Floyd Landfill, LLC v. Gonzalez*, No. 19A-CT-2680, 2020 Ind. App. LEXIS 257, at *21 (Ct. App. June 18, 2020) (certification affirmed on appeal); *Ross, et al. v. USX Company*, Case No. G.D. 17-008663 (Allegheny Cty., PA Ct. of Common Pleas); *Bright et al v. Wake County Disposal, LLC*, Case No. 18-cvs-10976 (Wake Cty. NC Superior Ct.); *Michaely v. Browning-Ferris Industries of California, Inc.* (California Superior- Los Angeles Case No. BC497125 2019); *Batties v. Waste Management of Pennsylvania, LLC*, No. 14-7013, 2016 U.S. Dist. LEXIS 186335, at *47 (E.D. Pa. May 11, 2016); *Beck v. Stony Hollow Landfill, Inc.,* No. 3:16-cv-455, 2018 U.S. Dist. LEXIS 199221, (S.D. Ohio Nov. 26, 2018); *Johnston, et al. v. Deffenbaugh Disposal, Inc.*, Case No: 2:16-cv-02648JTM-KGG (D. Kan.) (thousands of residents near landfill); *Brown v. Rhode Island Resource Recovery Corporation*, C.A. NO. PC 2015-0947 (Rhode Island Superior 2018); *McCarty v. Okla. City Landfill, LLC,* No. CIV-12-1152-C (W.D. Okla. April 11, 2016); *Ng. v. International Disposal Corp. of California*, Case No. 112CV228591 (Santa Clara CA Superior Court Aug. 1, 2016); *Connors v. AmeriTies West, LLC,* (Wasco County Oregon Case No. 16-CV-25390, 2018); *Gingrasso, et al. v. Cedar Grove Composting Facility, Inc.*, (King County (WA) Superior Court Case No: 13-2-05334-9 KNT, 2018); *Bundy, et al. v. Cedar Grove Composting Facility, Inc.,* Snohomish County (WA) Superior Court Case No: 13-2-02778-8, 2018) (thousands of residents near composting facility);

*Averett v. Metalworking Lubricants Co.*, No. 1:15-cv-01509-JMS-MPB, 2017 U.S. Dist. LEXIS 158184, at *1 (S.D. Ind. Sep. 27, 2017); *Dabney v. Taminco US, Inc.*, Case No. 3:15-cv-533/MCR/EMT (N.D. FL); *Maroz v. Arcelormittal Monessen, LLC*, No. 15-cv00771-AJS (W.D. PA Nov. 14, 2016); *Baynai v. City of Riverview*, Case No. 12-0072979 (Wayne County MI Circuit Ct.). *Alley et al v. Western Sugar Cooperative*, Case No. 2017CV30078 (Morgan Co. CO Dist. Ct.); *Hamilton et al v. 3D IdaPro Solutions, LLC*, Case No.: 3:18-cv-00054-jdp (W.D. Wisc.); *Keech et al v. Sanimax USA, LLC*, Case No 0:18-cv-00683-JRT-HB (D. Minn); *Buczynski v. Comprehensive Environmental Solutions*, Case No. 08-13559-AC-MKM (E.D. Mich); *Ward et al. v. U.S. Steel*, Case No. 04-74654-AC-DAS (E.D. Mich); *Szcuzukowski v. LA Pac Corp*, Case No. 03-10007-DML (E.D. Mich); *Snow, et al v. Atofina Chem Inc*, Case No. 01-72648-VAR (E.D. Mich.); *Gardner, et al v. Lafarge Corp.*, Case No. 99-10176-DML (E.D. Mich.); *Brindley v. Severstal*, Wayne County MI Circuit Court Case No. 07-704488-NZ; *Waldron v. Republic Services of Michigan*, Wayne County MI Circuit Court Case No. 06-615173-NZ; *Mauk v. Auto-Alliance*, Wayne County MI Circuit Court Case No. 06-603618-CZ; *Hawkins v. EQ Recovery Resources*, Wayne County MI Circuit Court Case No. 05-523503-NI; *Brush v. CWC Textron*, Muskegon County MI Circuit Court Case No. 04-42918-NZ; *Harker v. Sappi Paper Co.*, Muskegon County MI Circuit Court Case No. 03-42512-NZ; *Beaushaw v. Monitor Sugar Co.*, Bay City MI Circuit Court Case No. 03-3595-NZ; *Compora v. IKO Monroe, Inc.*, Monroe County Circuit Court case no. 00-11245-NZ; *Dunlop v. Edward C. Levy Corp.*, Wayne County MI Circuit Court Case No. 00-000629 NZ; *Pederson v. Sybill Inc.*, Wayne County MI Circuit Court Case No. 99-940649-NZ; *Caines v. Marathon Oil*, Wayne County MI Circuit Court Case No. 99-940648 NZ; *Weiss v. Rouge Steel*, Wayne

County MI Circuit Court Case No. 98-816224-NZ; *Howell v. Quaker Chemical Company*, Wayne County MI Circuit Court Case No. 97-731404 CZ.

6. My firm has conducted an investigation into odor emissions from Defendant's facility. Even prior to the initiation of this case, my firm requested, obtained and reviewed public records and administrative agency documents regarding complaints of odor from the landfill. My firm has also submitted questionnaires to residents throughout the class area to document their experiences related to odors they attribute to the facility and reviewed the responses thereto. This analysis informed us sufficiently of the salient strengths and weaknesses of the case. Beyond the investigation, drafting the complaint and managing the litigation, we prepared for and conducted a full day of mediation with former Magistrate Judge Diane Welsh. At the mediation the parties reached agreement on some of the basic terms, including the monetary relief, and that agreement was recommended by the mediator.

7. I believe that I and my firm possess the experience, knowledge, expertise, and resources to represent the Class in this case. If so appointed, we will continue to zealously represent the interests of the putative class.

8. I believe that the Settlement Agreement represents an excellent result for the Class. While it is always possible that more would be recovered at trial, odor nuisance class actions face many significant hurdles in reaching trial, any one of which could be the death-knell of the case. Complex issues of causation and damages place the outcome of any trial in doubt, and the specter of appeal introduces even more risk. These cases are also extremely expensive to litigate. In prior odor nuisance cases, my firm has advanced more than $200,000 (largely for costs related to scientific expert testimony) at the class certification stage alone. Such expenses can detract significantly from the Class' ultimate recovery. The

certainty of immediate monetary relief is not worth risking, in my view, for the prospect of a better outcome which, if it arrives at all, would be many years down the road and reduced by substantial litigation expenses.

9. The cap on attorney fees, costs, and expenses in the Settlement Agreement was reached after all material relief had already been agreed upon.

10. In administering the Settlement, my firm will establish a website, to which the notices will direct potential Class members, and which will include links to the Settlement Agreement, the long-form notice, the operative Complaint, and the Court's Preliminary Approval Order.

11. At present, my firm has advanced approximately $8,642.13 in the prosecution of this litigation, and I expect that notice and administration will cost approximately $10,000 more. Concurrently with the motion for final approval, we will submit a request for reimbursement delineating the expenditures.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this Seventeenth Day of March of 2021 at Detroit, Michigan.

Dated: March 17, 2021

*s/ Steven D. Liddle*
Steven D. Liddle