IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK and LORI FUEHRER, on behalf of themselves and all others similarly situated, | : : : : | |
| Plaintiffs, | : : | Case No. 5:20-cv-03910 The Honorable Edward G. Smith |
| v. | : : | |
| NESTLÉ PURINA PETCARE CO., | : : : : | |
| Defendant. | : | |

**FINAL JUDGMENT AND ORDER OF DISMISSAL**

AND NOW, on this 25th day of June, 2021, upon consideration of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, Service Award, Attorneys' Fees, and Litigation Expenses, and any objections thereto, the parties have presented their Settlement Agreement to the Court, and after due and adequate notice to the members of the Settlement Class, the Court having held a hearing on June 25, 2021 on the fairness of the proposed settlement of this action, at which any objectors to the settlement were provided the opportunity to be heard, and the Court being fully advised of any objections, it is ORDERED that:

1. The Court has jurisdiction over the subject matter of this action and over all parties thereto, including all members of the Settlement Class.

2. For the purposes of this Settlement only, the Court APPROVES:

   a. Certification of the Settlement Class defined as: (i) the Named Plaintiffs and all persons who, at any time during the Settlement Class Period, either: (i) owned and occupied a residential property within the area enclosed by the geographic

       boundary consisting of the one and three-quarters of a mile radius from the property boundary of Defendant's facilities located at 2050 Pope Road, Allentown, Pennsylvania (the "Settlement Class Area"); or (ii) resided within a residential property located within the Settlement Class Area.  Notwithstanding the foregoing, the following persons are excluded from the "Settlement Class": (i) officers, directors, and members of the Boards of Defendant; (ii) the presiding judicial officer (Honorable Edward G. Smith) and his staff; and (iii) Class Counsel, counsel for Defendant, and their respective staffs.

    b. Designation of Mark and Lori Fuehrer as the Class Representatives of the Settlement Class; and

    c. Designation of Steven D. Liddle, Esquire, Laura L. Sheets, Esquire, Matthew Z. Robb, Esquire, and Kevin S. Riechelson, Esquire as Class Counsel for the Settlement Class.

3.     The Court finds that notice of the proposed settlement has been timely provided to all Settlement Class Members, and that such notice satisfies the requirements of due process and of Federal Rule of Civil Procedure 23(e).

4.     One objection to this settlement was received by Class Counsel and submitted to the Court in accordance with the preliminary approval order and after due consideration is hereby OVERRULED, as Rule 23(e)(2) and the *Girsh* factors support that the settlement is fair, reasonable, and adequate.

5.     The Settlement Agreement submitted with the parties' Joint Motion for Approval of Class Settlement is APPROVED as fair, reasonable, and adequate pursuant to Federal Rule of

Civil Procedure 23(e)(2), and that the parties are directed to consummate the Settlement Agreement in accordance with its terms and this Order.

6. The Court finds that Defendant complied with the requirements of 28 U.S.C. § 1715 by serving upon the Attorney General of the United States and the Secretary, Pennsylvania Department of Environmental Protection within ten days after the filing of the Motion for Preliminary Approval of the Class Action Settlement the Notice of Proposed Settlement of Class Action and such other documents that existed as set forth in 28 U.S.C. § 1715. The Court further finds that it is not feasible to identify the names of members of the Settlement Class who may reside in states other than the Commonwealth of Pennsylvania and that it is not feasible to estimate the proportionate share of the claims of such members to the entire Settlement Class. The Named Plaintiffs, and each member of the Settlement Class who did not timely opt out of the Settlement Class in accordance with the terms of the Settlement Agreement and the procedures established by this Court, shall be bound by the Settlement Agreement, including the release and covenant not to sue contained in Sections III.14. and III.15. of the Settlement Agreement.

7. The following persons, and no other persons, have timely opted out of the Settlement Class, and are not bound by the Settlement Agreement: Brenna L. Dunn, Charles Ritchie, Dennille J. Schuler, Donald R. Schumaker, Sara E. Seipel, and Justin Seipel.

8. This action is hereby DISMISSED WITH PREJUDICE and without costs.

9. Consummation of the Settlement shall proceed as described in the Settlement Agreement; and without affecting the finality of this Judgment in any way, this Court hereby retains jurisdiction over this matter to resolve any dispute that may arise in the implementation of this Final Judgment and Order of Dismissal. Class Counsel shall be responsible for submitting a proposed Distribution Order to distribute the proceeds of the settlement to all persons who have

filed valid Proofs of Claim. The Court shall determine any objections to Proofs of Claim submitted. This Court retains continuing jurisdiction of all matters relating to the modification, interpretation, implementation, effectuation, and enforcement of the Settlement Agreement.

10. Mark and Lori Fuehrer are together awarded the sum of $1,000 as an incentive fee to be paid out of the Gross Settlement Proceeds, as that term is defined in the Settlement Agreement.

11. Class Counsel are awarded $259,886 for professional services rendered and $19,340 for expenses incurred throughout the Class Counsel's representation of the Named Plaintiffs and the Settlement Class Members, to be paid out of the Gross Settlement Proceeds.

12. In the event that the settlement does not become final in accordance with the terms of the Settlement Agreement, the Court will vacate this Final Judgment and Order of Dismissal, and all Orders entered in connection with this settlement shall be rendered null and void and without prejudice in any way to the parties.

13. The clerk of court shall **MARK** this case as **CLOSED.**

BY THE COURT:

/s/ *Edward G. Smith*
Edward G. Smith, J.